**Michelle Barton Smigel, P.C.**, OSB No. 045530
michelle.smigel@millernash.com
**Naomi Levelle-Haslitt**, OSB No. 075857
naomi.levelle-haslitt@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| WHITNEY ANNE-MARIE ORLANDO, | CV No. 3:13-cv-01649-PK |
| Plaintiff, | ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES |
| v. | |
| PORTLAND STATE UNIVERSITY, an Oregon public university, and MARCIA KLOTZ | |
| Defendants. | |

For their answer to plaintiff's complaint, defendant Portland State University (the "University") and Marcia Klotz admit, deny, and allege as follows:

Page 1 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## RESPONSE TO PLAINTIFF'S ALLEGATIONS

1.

Answering paragraph 1, defendants admit that the University is an Oregon public university that operates undergraduate and graduate degree-conferring programs on its campus located in Portland, Multnomah County, Oregon. Defendants further admit that on January 1, 2012, Oregon Senate Bill 242 (2011) designated the University as a public university operating under the authority of the Oregon University System. Defendants deny the remaining allegations of paragraph 1.

2.

Answering paragraph 2, defendants admit that Klotz is an adult who was employed by the University as an Assistant Professor in the Department of English of the University's College of Liberal Arts and Sciences. Defendants further admit that Klotz was first employed by the University on January 1, 2003, and that her employment ended June 30, 2013. To the extent plaintiff's allegations state a legal conclusion to which the defendants are not required to respond, defendants deny the allegations of paragraph 2. Defendants deny the remaining allegations of paragraph 2.

3.

Answering paragraph 3, defendants admit that plaintiff Whitney Anne-Marie Orlando is an adult who at times has lived in the state of Oregon and been a student at the University. Defendants lack knowledge or information sufficient to form a belief about plaintiff's allegations that she resided in Oregon at all times described in the complaint and therefore denies them. Defendants deny the remaining allegations of paragraph 3.

4.

Answering paragraph 4, defendants admit that plaintiff's allegation sets forth excerpts of the University's Prohibited Discrimination and Harassment Policy but deny it sets forth the policy in its entirety. Defendants admit the remaining allegations of paragraph 4.

Page 2 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

5.

Answering paragraph 5, defendants admit that plaintiff's allegation sets forth excerpts of the University's Policy Concerning Consensual Relationships but deny it sets forth the policy in its entirety. Defendants admit the remaining allegations of paragraph 5.

6.

Answering paragraph 6, defendants admit that the University's policies prohibit faculty from engaging in sexual harassment. Defendants further admit that Marcia Klotz served as plaintiff's mentor during plaintiff's participation in the Robert E. McNair Scholars Program ("McNair Program") by providing academic advising about plaintiff's contemplated research and paper for the McNair Program. Defendants deny the remaining allegations of paragraph 6.

7.

Answering paragraph 7, the allegations state a legal conclusion to which the defendants are not required to respond, and thus defendants deny the allegations of paragraph 7.

8.

Answering paragraph 8, defendants admit that plaintiff and Klotz first interacted when plaintiff attended a class entitled Feminist Literature taught by Klotz during the Winter 2007 term. Defendants further admit that plaintiff attended a seminar taught by Klotz during the Fall 2009 term entitled *The Erotics of Power* that examined representations in literature of sadomasochism which was defined in course materials as described in paragraph 8. Defendants deny the remaining allegations of paragraph 8.

9.

Answering paragraph 9, defendants admit that in October 2009, plaintiff initiated contact with Klotz about a Web site, *Insex*, that featured bondage, domination, and sadomasochistic ("BDSM") content, and about plaintiff's work as a bondage pornography model. Defendants further admit that in a subsequent e-mail, plaintiff sent Klotz pictures of her head and face from a recent bondage photo-shoot for which she had modeled. Defendants admit that

Page 3 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Klotz complimented the pictures and asked questions about the photo-shoot. Defendants deny the remaining allegations of paragraph 9.

10.

Answering paragraph 10, defendants admit that between October 2009 and December 2012, plaintiff and Klotz exchanged over 200 e-mails on both academic and non-academic subjects, including a paper that Klotz wrote, sexual topics, and BDSM. The e-mails speak for themselves. Defendants further admit that plaintiff and Klotz communicated about the nature of the relationship between them, including professional and personal boundaries. Defendants deny the remaining allegations of paragraph 10.

11.

Answering paragraph 11, defendants admit that plaintiff sent Klotz e-mail communications that attached both photographs of her and others, and that some of those photographs reflected nudity and sexually graphic images. Defendants further admit that Klotz on occasion complimented and asked questions about the pictures and on limited occasions asked plaintiff to send her a photograph from BDSM photo-shoots at which plaintiff had modeled. Defendants deny the remaining allegations of paragraph 11.

12.

Answering paragraph 12, defendants admit that in late 2009 and early 2010, plaintiff assisted Klotz in connecting with individuals who participated in BDSM activities for interviews and information so that Klotz could engage in research for an academic paper. Defendants further admit that in April 2010, plaintiff sent Klotz an e-mail that included a description of sexual abuse by a school instructor that plaintiff said she had experienced when she was a minor and described how that abuse had affected plaintiff's life thereafter. Defendants further admit that Klotz and plaintiff discussed sex-related topics after plaintiff disclosed the abuse to Klotz. Defendants deny the remaining allegations of paragraph 12.

Page 4 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

13.

Answering paragraph 13, defendants admit that plaintiff, Klotz, Klotz's husband, and a number of other individuals screened the documentary about *Insex*, which plaintiff had recommended to Klotz. Defendants lack knowledge or information sufficient to form a belief about plaintiff's allegations about her romantic or sexual feelings toward Klotz, and therefore deny those allegations. Defendants deny the remaining allegations of paragraph 13.

14.

Answering paragraph 14, defendants admit that Klotz wrote a draft of a paper, *"It's Not Really Porn": Insex and the Revolution in Technological Interactivity*, which referred to plaintiff as a "student" and referenced her work as a BDSM model. Defendants also admit that plaintiff was not identified by name in the paper and that Klotz consulted with plaintiff about the content of the paper. Defendants deny the remaining allegations of paragraph 14.

15.

Answering paragraph 15, defendants admit that Klotz referenced plaintiff's work as a BDSM model in Klotz's draft paper, *"It's Not Really Porn."* Defendants deny that Klotz did not inform plaintiff of her intent to cite plaintiff's experiences in her paper. Defendants deny the remaining allegations of paragraph 15.

16.

Answering paragraph 16, defendants admit that plaintiff and Klotz discussed the boundaries of the professor-student relationship and the nature of their personal relationship in e-mails. The e-mails speak for themselves. Defendants further admit that plaintiff continued to send sexually-oriented material and disclose information of a sexual nature to Klotz after those discussions. Defendants also admit that Klotz did not disclose her interactions with plaintiff to the University at that time. Defendants deny the remaining allegations of paragraph 16.

Page 5 -    Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

17.

Answering paragraph 17, defendants admit that beginning in April 2010, Klotz and plaintiff communicated through both Klotz's personal e-mail account and the e-mail account provided to Klotz by the University. Defendants further admit that the University did not have access to Klotz's personal e-mail account. Defendants also admit that Klotz inquired about how the sex abuse experienced by plaintiff became public. Defendants admit that Klotz described interactions she had with a submissive male partner that related to her male partner's sex abuse by his father. Defendants deny the remaining allegations of paragraph 17.

18.

Defendants deny the allegations of paragraph 18.

19.

Defendants admit the allegations of paragraph 19.

20.

Answering paragraph 20, defendants admit that Klotz discussed possible topics for plaintiff's McNair Program research and paper. Defendants further admit that plaintiff submitted an application for the McNair Program in fall of 2011 that listed her proposed topic as *Disavowed Power: The Experiences of Early Adolescents Reporting Adult-Child Sex to Law Enforcement*. Defendants also admit that plaintiff was accepted to the McNair Program on November 29, 2011, and began the program thereafter. Defendants further admit that plaintiff and Klotz exchanged e-mails and met in-person to discuss plaintiff's research and paper for the McNair Program. Defendants deny the remaining allegations of paragraph 20.

21.

Answering paragraph 21, defendants deny that plaintiff obtained and reviewed the trial court case file relating to the prosecution of plaintiff's school instructor whom plaintiff had accused of sex abuse in order to satisfy an interest by Klotz in plaintiff's history of sex abuse.

Page 6 -   Answer, Defenses, and Affirmative Defenses

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of paragraph 21, and therefore deny them.

22.

Answering paragraph 22, defendants deny that Klotz was insensitive to plaintiff's childhood sexual trauma and that Klotz pressured plaintiff to research sexually explicit topics for the McNair Program. Defendants further deny that Klotz sexually harassed plaintiff. Defendants lack knowledge or information sufficient to form a belief about plaintiff's allegations relating to her state of mind during the Spring 2012 term and the remaining allegations of paragraph 22, and therefore deny them.

23.

Answering paragraph 23, defendants admit that plaintiff and Klotz met once during the summer of 2012 to discuss plaintiff's McNair Program paper. Defendants deny the remaining allegations of paragraph 23.

24.

Answering paragraph 24, defendants admit that on September 28, 2012, plaintiff e-mailed Klotz to inform her that she had tachycardia and that she wanted to focus her McNair Program paper on something "easy." Defendants further admit that plaintiff requested an extension for the due date of the project, which was granted. Defendants deny the remaining allegations of paragraph 24.

25.

Answering paragraph 25, defendants admit that on December 20, 2012, plaintiff e-mailed Klotz that she intended to shift her research for the McNair Program to experimental research designs for stress management. Defendants further admit that on January 31, 2013, plaintiff informed Klotz in an e-mail that she had co-written a paper with a military research scientist. Defendants also admit that on February 7, 2013, plaintiff e-mailed Klotz a paper on which she stated she had co-collaborated with a military research scientist entitled *"Indication*

Page 7 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

*and Warning Methodology."* Defendants further admit that plaintiff accompanied the paper with a letter from an individual purporting to be a Senior Research Scientist at a non-profit organization that conducted research for the federal government who stated he had worked with plaintiff on the development of her ideas for the paper she submitted. Defendants lack knowledge or information sufficient to form a belief about plaintiff's allegations about her realizations or reasons for her lack of contact with Klotz following her hospitalization, and therefore deny them. Defendants deny the remaining allegations of paragraph 25.

26.

Answering paragraph 26, defendants admit that Klotz e-mailed plaintiff on February 15, 2013, and informed her that Klotz could not support the *"Indication and Warning Methodology"* paper that plaintiff had submitted for the McNair Program and encouraged plaintiff to complete her research about resources available for women in Portland, Oregon, who are leaving sex work—a topic that plaintiff had previously proposed after abandoning her research on plaintiff's original topic of *Disavowed Power: The Experiences of Early Adolescents Reporting Adult-Child Sex to Law Enforcement*. Defendants also admit that Klotz consulted with the McNair Program's Associate Director about the paper submitted by plaintiff and that they determined the paper did not meet the McNair Program's academic requirements. Defendants further admit that Klotz told plaintiff and the University's McNair Program Associate Director that Klotz believed the paper had been plagiarized and did not resemble plaintiff's writing style. Defendants deny the remaining allegations of paragraph 26.

27.

Defendants deny the allegations of paragraph 27.

Page 8 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## RESPONSE TO PLAINTIFF'S CLAIMS FOR RELIEF

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Alleged Intentional Infliction of Emotional Distress)

28.

Defendants incorporate each of their responses to the allegations of paragraph 1 through 27, as if set forth in full herein.

29.

Defendants deny the allegations of paragraph 29.

30.

Defendants deny the allegations of paragraph 30.

31.

Defendants deny the allegations of paragraph 31.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
### (Alleged Sexual Harassment—State Law)

32.

Defendants incorporate each of their responses to the allegations of paragraph 1 through 27, as if set forth in full herein.

33.

Defendants admit the allegations of paragraph 33.

34.

Defendants deny the allegations of paragraph 34.

35.

Defendants deny the allegations of paragraph 35.

36.

Defendants deny the allegations of paragraph 36.

Page 9 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

37.

Defendants deny the allegations of paragraph 37.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (Alleged Sexual Harassment—Federal Law)

38.

Defendants incorporate each of their responses to the allegations of paragraph 1 through 27, as if set forth in full herein.

39.

Defendants admit the allegations of paragraph 39.

40.

Defendants deny the allegations of paragraph 40.

41.

Defendants deny the allegations of paragraph 41.

42.

Defendants deny the allegations of paragraph 42.

43.

Defendants deny the allegations of paragraph 43.

44.

Defendants deny the allegations of paragraph 44.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF
### (Alleged Negligence)

45.

Defendants incorporate each of their responses to the allegations of paragraph 1 through 27, as if set forth in full herein.

Page 10 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

46.

Answering paragraph 46, the allegation states a legal conclusion to which the defendants are not required to respond, and thus defendants deny the allegation of paragraph 46.

47.

Defendants deny the allegations of paragraph 47.

48.

Defendants deny the allegations of paragraph 48.

49.

Defendants deny the allegations of paragraph 49.

## PLAINTIFF'S FIFTH CLAIM FOR RELIEF
### (Alleged Retaliation)

50.

Defendants incorporate each of their responses to the allegations of paragraph 1 through 27, as if set forth in full herein.

51.

Defendants deny the allegations of paragraph 51.

52.

Defendants deny the allegations of paragraph 52.

53.

Defendants deny the allegations of paragraph 53.

## PRAYER FOR RELIEF

54.

Defendants deny the allegations contained in plaintiff's prayer for relief and further deny that she is entitled to any relief whatsoever.

55.

Defendants further deny that plaintiff is entitled to punitive damages.

Page 11 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (Failure to State Claim)

56.

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Statute of Limitations)

57.

Plaintiff's claims are barred, at least in part, by applicable statutes of limitation.

### THIRD DEFENSE
### (Tort Claims Limits)

58.

Without waiving any defenses or denials, if plaintiff were able to pursue a state law claim against the University, the statutory limitations of the Oregon Tort Claims Act would apply.

### FOURTH DEFENSE
### (Substitution of Public Body)

59.

Without waiving any defenses or denials, pursuant to ORS 30.265(1), the University is the only proper defendant and defendants, therefore, reserve the right to substitute the University as the only defendant.

### FIFTH DEFENSE
### (No Adverse Action—Academic Freedom)

60.

Without waiving any defenses or denials, the defendants' actions regarding plaintiff's academic experience are protected by the University's right to exercise its academic

Page 12 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

freedom under the First Amendment to the United States Constitution and Article I, Section 8, of the Oregon Constitution.

### SIXTH DEFENSE
### (Legitimate Nondiscriminatory Reasons)

61.

The defendants' actions were based on legitimate, nondiscriminatory, and nonretaliatory reasons.

### SEVENTH DEFENSE
### (Prompt, Effective Remedial Action)

62.

Without waiving any defenses or denials, the University took prompt and effective remedial action regarding any discrimination or harassment complaint made by plaintiff, and therefore, is not liable for any alleged discrimination.

### EIGHTH DEFENSE
### (No Individual Liability)

63.

Without waiving any defenses or denials, there is no individual liability for Klotz under 20 USC § 1681.

### NINTH DEFENSE
### (No Deliberate Indifference)

64.

Without waiving any defenses or denials, the University is not liable under 20 USC § 1681 because it was not deliberately indifferent in its response to alleged sexual harassment reported by plaintiff.

Page 13 -   Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

### TENTH DEFENSE
### (No Vicarious Liability)

65.

Without waiving any defenses or denials, the University is not legally responsible for Klotz's actions, including any alleged intentional acts against plaintiff, and thus, is not vicariously liable to plaintiff for any tortious conduct by Klotz.

### ELEVENTH DEFENSE
### (Contributory/Comparative Fault)

66.

Without waiving any defenses or denials, plaintiff's damages, if any, were solely and proximately caused by or contributed to by plaintiff's own negligence or fault which either bars or reduces plaintiff's claim.

### TWELFTH DEFENSE
### (No Imputed Liability)

67.

Without waiving any defenses or denials, the University took reasonable care to prevent any forms of unlawful conduct, including without limitation, harassment, discrimination, and retaliation, by having policies prohibiting and procedures for reporting such conduct, and plaintiff unreasonably failed to take advantage of policies and procedures and as a result the University is not liable for the alleged discrimination.

### THIRTEENTH DEFENSE
### (Same Action)

68.

Without waiving any defenses or denials, even if some protected activity by plaintiff informed in part any alleged adverse action by defendants, defendants would have taken the same action absent the plaintiff's protected activity.

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## FOURTEENTH DEFENSE
### (Failure to Mitigate)

69.

Without waiving any defenses or denials, plaintiff has failed to take reasonable steps to mitigate or avoid damages.

WHEREFORE, defendants demand that the claims against them be dismissed with prejudice and that they be entitled to recover their costs and disbursements, and any other relief the court deems just and appropriate.

DATED this 19th day of September, 2013.

MILLER NASH LLP

/s/ Naomi Levelle-Haslitt
Michelle Barton Smigel, P.C., OSB No. 045530
michelle.smigel@millernash.com
Naomi Levelle-Haslitt, OSB 075857
naomi.levelle-haslitt@millernash.com
Phone: (503) 224-5858; Fax: (503) 224-0155

Attorneys for Defendants

Page 15 -  Answer, Defenses, and Affirmative Defenses

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Answer, Defenses, and Affirmative Defenses on:

>Mr. Bear Wilner-Nugent
>Attorney at Law
>621 S.W. Morrison Street, Suite 1250
>Portland, Oregon  97205
>bwnlaw@gmail.com
>Facsimile:  (503) 323-7356
>
>Attorney for Plaintiff

by the following indicated method or methods on the date set forth below:

☒ **CM/ECF system transmission.**

☐ **E-mail.**  As required by Local Rule 5.2, any interrogatories, requests for production, or requests for admission were e-mailed in Word or WordPerfect format, not in PDF, unless otherwise agreed to by the parties.

☐ **Facsimile communication device.**

☐ **First-class mail, postage prepaid.**

☐ **Hand-delivery.**

☐ **Overnight courier, delivery prepaid.**

DATED this 19th day of September, 2013.

/s/ Naomi Levelle-Haslitt
Naomi Levelle-Haslitt, OSB No. 075857

Of Attorneys for Defendants

Page 1 -    Certificate of Service

PDXDOCS:2014080.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: (503) 224-5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204